**Alfonso Morales, State Bar No. 235314**
LAW OFFICES OF ALFONSO MORALES, ESQ.
8131 ROSECRANS AVE. SUITE 200
PARAMOUNT, CA 90723
Telephone: (310) 669-8700
info@alfonsomoraleslaw.com

Counsel for Petitioner

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| **JOSE MANUEL CEJA CEJA**;<br><br>*Petitioner*,<br><br>v.<br><br>Warden of Adelanto ICE Processing Center; Markwayne MULLIN, Secretary, Department of Homeland Security; Todd LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; Todd BLANCHE, Attorney General of the United States;<br><br>*Respondents*. | CASE: 26-6127<br><br>**EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS; REQUEST FOR IMMEDIATE JUDICIAL REVIEW AND TEMPORARY RESTRAINING ORDER TO PREVENT EXECUTION OF INVOLUNTARY VOLUNTARY DEPARTURE** |

## INTRODUCTION

1. Petitioner, Jose Manuel Ceja Ceja, respectfully petitions this Court for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the lawfulness of his continued immigration detention and requesting immediate judicial intervention concerning a purported voluntary departure that Petitioner did not desire, knowingly choose, or voluntarily consent to.

2. This case presents an urgent question of fundamental fairness: whether the government may rely upon a purported voluntary departure executed by a detained noncitizen when the surrounding circumstances indicate that the document was inconsistent with his clearly expressed intentions to seek release, appear before an immigration judge, contest removal, and pursue available relief under the Immigration and Nationality Act.

3. On October 13, 2026, Petitioner's spouse retained Attorney Alfonso Morales to pursue a bond motion on Petitioner's behalf. The family paid for legal representation because Petitioner intended to seek release from detention and continue fighting his immigration case.

4. On October 16, 2026, at approximately 9:40 a.m., when Attorney Morales was prepared to file the bond motion, counsel was informed that Petitioner had allegedly signed documents concerning voluntary departure only twenty minutes earlier at approximately 9:20 a.m.

5. The timing of these events raises serious concerns regarding whether Petitioner was afforded a meaningful opportunity to consult with counsel, understand the consequences of the documents presented to him, and make a free and informed decision concerning his immigration case.

6. Those concerns are reinforced by Petitioner's express statements to Attorney Morales on October 15, 2026, at approximately 5:00 p.m. During that conversation, Petitioner communicated that he wanted to see a judge, file the Motion for Bond, fight

his immigration case, and pursue available legal relief. He did not wish to abandon his case or voluntarily depart the United States.

7. Petitioner has no known criminal convictions.

8. Petitioner has been in a committed relationship with his U.S. Lawful Permanent Resident spouse since 2016 and married for more four years (4) years.

9. Petitioner further intended to pursue cancellation of removal under INA § 240A(b), commonly referred to as nonpermanent-resident cancellation of removal under section 42B, provided he could establish the statutory requirements, including the requisite continuous physical presence, good moral character, qualifying-relative relationship, and exceptional and extremely unusual hardship.

10. Petitioner's stated intentions, the family's retention of counsel, the pending effort to seek bond, and the close timing between the alleged execution of the voluntary departure documents and counsel's attempt to file the bond motion warrant prompt judicial scrutiny.

11. Petitioner does not ask this Court to adjudicate his ultimate eligibility for cancellation of removal in the first instance. He seeks an opportunity to have the voluntariness and legal effect of the purported departure decision examined through the appropriate legal process before the government treats that document as an irrevocable surrender of his rights or executes his departure.

12. Unless immediate relief is granted, Petitioner faces the possibility of being removed or compelled to depart before he has a meaningful opportunity to challenge the circumstances surrounding the purported agreement and pursue whatever remedies remain available under immigration law.

## JURISDICTION

1. This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq*.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause).

3. This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et. seq*., the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the All-Writs Act, 28 U.S.C. § 1651.

**VENUE**

4. Venue is proper in this district and division pursuant to 28 U.S.C. § 2241(c)(3) and 28 U.S.C. § 1391(b)(2) and (e)(1) because Petitioner is detained within this district at Adelanto Detention Facility in Adelanto, California, which is within the jurisdiction of this District.

5. Venue is proper in this District because a substantial part of the events or omissions given rise to this action occurred and continued to occur at Adelanto Detention Facility in Adelanto, California. 28 U.S.C. § 1391(e).

**REQUIREMENTS OF 28 U.S.C. § 2243**

6. The Court must grant the petition for Writ of Habeas Corpus or issue an order to show cause (OSC) to the respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require respondents to file a return "within *three days* unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* (emphasis added).

7. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added).

**PARTIES**

16. Petitioner Jose Manuel Ceja Ceja was arrested by ICE officers on October

10, 2026, and was transferred to Adelanto Detention Facility where he is currently detained. He is in custody, and under the direct control, of Respondents and their agents.

8. The acting Warden Adelanto Detention Center has immediate physical custody of Petitioner pursuant to the facility's contract with U.S. Immigration and Customs Enforcement to detain noncitizens and is a legal custodian of Petitioner. Respondent is a legal custodian of Petitioner.

9. Respondent Ernesto Santacruz Jr. is sued in his official capacity as the Acting Director of the Los Angeles Field Office of U.S. Immigration and Customs Enforcement. Respondent Santacruz is a legal custodian of Petitioner and has authority to release him.

10. Respondent Markwayne Mullin is sued in his official capacity as the Secretary of the U.S. Department of Homeland Security (DHS). In this capacity, Respondent Markwayne is responsible for the implementation and enforcement of the Immigration and Nationality Act and oversees U.S. Immigration and Customs Enforcement, the component agency responsible for Petitioner's detention and custody. Respondent Markwayne is a legal custodian of Petitioner.

11. Respondent Todd Blanche is sued in his official capacity as the Attorney General of the United States and the senior official of the U.S. Department of Justice (DOJ). In that capacity, he has the authority to adjudicate removal cases and to oversee the Executive Office for Immigration Review (EOIR), which administers the immigration courts and the BIA. Respondent Blanche is a legal custodian of Petitioner.

## EXHAUSTION OF REMEDIES

12. Petitioner has exhausted all administrative remedies available to him. He is currently detained at the Adelanto Detention Facility under the custody of U.S. Immigration and Customs Enforcement ("ICE"). Under current Board of Immigration Appeals precedent in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025), the Immigration Court lacks jurisdiction to conduct a bond hearing in Petitioner's case, rendering any request for custody redetermination unavailable as a matter of law.

13. No further administrative process exists to challenge his ongoing detention or to obtain the relief sought. Accordingly, the filing of this habeas corpus petition under 28 U.S.C. § 2241 is proper. *See Singh v. Holder*, 638 F.3d 1196, 1203–04 (9th Cir. 2011); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## STATEMENT OF FACTS

### A. Petitioner intended to contest removal and pursue legal relief.

14. Petitioner has consistently maintained that he wishes to contest his immigration case rather than voluntarily depart the United States.

15. Petitioner believed that he had potential avenues for relief before an immigration judge, including cancellation of removal under INA § 240A(b).

16. Petitioner intended to present his case before an immigration judge, seek bond and seek a determination of his eligibility for relief based on his individual circumstances, family ties, residence, and any other evidence relevant to the statutory requirements.

17. Petitioner's spouse shared that objective and retained Attorney Alfonso Morales to assist Petitioner in obtaining release from detention while his immigration matter remained unresolved.

### B. Petitioner's family retained counsel to pursue bond.

18. On October 13, 2026, Petitioner's spouse retained Attorney Alfonso Morales to pursue a bond motion on Petitioner's behalf.

19. Petitioner's family paid for the requested legal services because Petitioner intended to seek release from detention and continue contesting his removal proceedings.

20. The retention of counsel and payment for the bond motion are significant circumstances bearing on Petitioner's contemporaneous intentions. They are consistent with a desire to remain in the United States while pursuing available legal remedies, rather than a deliberate decision to abandon those remedies and depart voluntarily.

21. Petitioner did not intend for his family's efforts to secure legal representation and seek bond to be rendered meaningless by a purported decision to depart that was contrary to his wishes.

**C. The purported voluntary departure was signed shortly before counsel attempted to file the bond motion.**

22. On October 16, 2026, at approximately 9:40 a.m. attorney Morales was prepared to file the bond motion. At that time, counsel was informed that Petitioner had signed voluntary departure documents approximately twenty minutes earlier. At approximately 9:20 a.m., Petitioner allegedly signed voluntary departure documents while in immigration custody.

23. The sequence of events raises substantial questions about the circumstances in which the documents were presented and executed, including whether Petitioner was adequately informed of their legal consequences, whether he understood that signing them could undermine his objective of contesting removal, and whether he had a meaningful opportunity to consult with counsel.

24. The present record does not establish that Petitioner knowingly and voluntarily abandoned his intention to seek a bond hearing and pursue relief before an immigration judge.

25. Rather, the available facts warrant an inquiry into whether Petitioner's signature accurately reflected his actual intentions and whether the government may lawfully rely upon the document without addressing the circumstances surrounding its execution.

**D. Petitioner expressly reaffirmed his desire to fight his case.**

26. On October 15, 2026, at approximately 5:00 p.m., Attorney Morales spoke with Petitioner. During that conversation, Petitioner expressly stated that he wanted to file the Motion for Bond, see a judge and fight his immigration case.

27. Petitioner communicated that voluntary departure was not what he wanted and that he intended to pursue legal relief rather than abandon his immigration case.

28. This conversation occurred the day before the voluntary departure documents were allegedly signed. It is therefore directly relevant to the question of whether the purported agreement reflected a knowing and voluntary decision.

29. Petitioner's prompt and unequivocal expression of his actual intentions undermines any assumption that the signature, standing alone, conclusively establishes a voluntary and informed waiver.

30. Attorney Morales provides a declaration describing the October 15, 2026 conversation, the timing of the attempted bond filing, the information conveyed to counsel, and Petitioner's expressed desire to contest removal.

**E. Petitioner intended to pursue cancellation of removal under INA § 240A(b).**

31. Petitioner intended to seek cancellation of removal under INA § 240A(b), commonly known as 42B relief.

32. This relief may be available to certain nonpermanent residents who satisfy the statutory requirements, including ten years of continuous physical presence, good moral character during the requisite period, the absence of specified disqualifying convictions, and exceptional and extremely unusual hardship to a qualifying United States citizen or lawful permanent resident spouse, parent, or child.

33. Petitioner maintains that he qualifies for this relief. His ultimate eligibility is a matter to be determined on the appropriate record by the immigration tribunal with authority over his proceedings.

34. Petitioner's desire to pursue cancellation of removal demonstrates that the purported voluntary departure was not consistent with his stated litigation objectives.

35. By allegedly signing away the opportunity to continue his case, Petitioner risked losing the ability to present his evidence, establish eligibility for relief, and obtain an individualized determination by an immigration judge.

36. Petitioner seeks a meaningful opportunity to pursue the remedies available under law, including any appropriate motion to rescind, reopen, reconsider, or otherwise challenge the purported voluntary departure, as applicable to the actual procedural posture of his case.

## LEGAL FRAMEWORK

37. The Due Process Clause requires that the deprivation of Petitioners' liberty be narrowly tailored to serve a compelling government interest. See *Reno v. Flores*, 507 U.S. 292, 301–02 (1993) (holding that due process "forbids the government to infringe certain 'fundamental' liberty interests at all, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest"). As the Supreme Court held in *Zadvydas*, indefinite detention, and detention without adequate procedural protections, would raise a "serious constitutional problem" and run afoul of the Due Process Clause. 533 U.S. at 690.

38. Section 1226(a) authorizes the Attorney General to arrest and detain a noncitizen "pending a decision on whether the alien is to be removed." Detention under § 1226(a) is discretionary and permits release on bond or conditional parole unless the person falls within the limited mandatory detention provisions of § 1226(c). The Ninth Circuit has held that individuals detained under § 1226(a) are entitled to individualized bond hearings where the government bears the burden to show, by clear and convincing evidence, that continued detention is justified by flight risk or danger. *Rodriguez v. Robbins*, 804 F.3d 1060, 1078 (9th Cir. 2015), vacated on other grounds, *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018). When detention under § 1226(a) becomes prolonged, it must remain reasonably related to its purposes of ensuring appearance and protecting the community. See *Demore v. Kim*, 538 U.S. 510, 531 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Continued detention without a final order of removal, absent these justifications, is arbitrary, excessive, and violates the Due Process Clause.

39. On September 5, 2025, the Board of Immigration Appeals issued *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025). The Board held that any noncitizen present in the United States without inspection or admission is subject to detention under INA § 235(b)(2) (8 U.S.C. § 1225(b)(2)), rather than § 236(a) (8 U.S.C. § 1226(a)). This interpretation treats all such noncitizens as "applicants for admission" and places them in mandatory detention without bond eligibility before immigration judges.

40. The decision overruled longstanding agency practice that classified interior arrests of noncitizens who entered without inspection under INA § 236(a) (8 U.S.C. § 1226(a)), which permits discretionary release on bond or parole. Under *Yajure Hurtado*, only those noncitizens who have been formally "admitted," as defined in INA § 101(a)(13)(A), retain bond eligibility.

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of Fifth Amendment Due Process Clause- Involuntary and Uninformed Waiver

41. Petitioner incorporates the preceding paragraphs as though fully set forth herein.

42. The Fifth Amendment prohibits the government from depriving a person of liberty without due process of law.

43. A purported waiver or agreement concerning immigration proceedings may present serious due process concerns where the circumstances call into question whether the individual understood the nature and consequences of the decision or made it freely.

44. Petitioner alleges that his signature on the voluntary departure documents did not reflect his actual intentions. His objective was to seek bond, appear before an immigration judge, contest removal, and pursue available relief.

45. The fact that Petitioner signed a document does not eliminate the need to examine the circumstances surrounding its execution when a credible allegation is made that the signature did not represent an informed and voluntary decision.

46. The timing is particularly significant. Petitioner's family had retained counsel and paid for a bond motion; counsel was prepared to file at approximately 9:40 a.m.; and counsel was then informed that Petitioner had signed voluntary departure documents at approximately 9:20 a.m.

47. The previous day, Petitioner expressly reaffirmed his desire to file the Motion for Bond, see a judge and fight his case.

48. These circumstances warrant examination of whether Petitioner understood what he was signing, whether he was advised of the consequences, whether he had a meaningful opportunity to consult with counsel, and whether any coercion, pressure, misrepresentation, or misunderstanding affected his decision.

49. If the purported voluntary departure was obtained without a knowing and voluntary decision, reliance upon it to foreclose Petitioner's legal remedies may violate due process.

50. Petitioner therefore requests appropriate judicial relief preserving his opportunity to challenge the purported departure and pursue any remedies available under the Immigration and Nationality Act.

## COUNT TWO

### Unlawful Custody and the Need to Preserve Meaningful Judicial Review

51. Petitioner incorporates the preceding paragraphs as though fully set forth herein.

52. Petitioner is presently in federal immigration custody. He challenges the lawfulness of that custody to the extent the government relies upon an allegedly

involuntary departure decision to determine his custodial status or to prevent him from pursuing available legal remedies.

53. The circumstances alleged demonstrate that Petitioner intended to contest removal and seek bond, yet the purported departure documents were signed shortly before counsel attempted to file the bond motion.

54. Petitioner contends that his present circumstances require prompt review of the legal basis for his detention, the effect of the purported voluntary departure, and the procedures available to challenge the document.

55. Petitioner recognizes that the execution of a voluntary departure order and the legality of immigration detention are distinct legal questions. He does not contend that every defect in a voluntary departure agreement automatically renders detention unlawful.

56. Rather, Petitioner requests that the Court examine the legality of his present custody within the scope of § 2241 and grant appropriate relief if the government cannot establish a lawful basis for the detention challenged here.

## COUNT THREE

**Request for Emergency Preservation of the Opportunity to Pursue Available Remedies**

57. Petitioner incorporates the preceding paragraphs as though fully set forth herein.

58. Petitioner faces potential irreparable harm if he is removed or compelled to depart before he can meaningfully challenge the circumstances surrounding the purported voluntary departure.

59. Departure from the United States may materially affect Petitioner's ability to consult with counsel, prepare evidence, pursue cancellation of removal, and obtain meaningful relief from the immigration tribunal with jurisdiction over his case.

60. Petitioner does not seek to bypass the administrative process or obtain an immediate grant of cancellation of removal. He seeks preservation of the status quo for the limited period necessary to allow the appropriate tribunal to determine whether the purported departure was valid and whether further relief is available.

61. To the extent this Court possesses jurisdiction to grant emergency relief, Petitioner requests an order preventing execution of the purported voluntary departure or removal while the Court considers the properly presented claims and while Petitioner pursues any appropriate available administrative remedy.

62. Petitioner further requests expedited consideration because the requested relief may become ineffective if the government executes the departure before judicial review can occur.

## REQUEST FOR EMERGENCY RELIEF

63. Petitioner requests immediate consideration of this Petition and, to the extent authorized by law, an order:

a. Directing Respondents to disclose the current legal and procedural basis for Petitioner's detention and the status of the purported voluntary departure;

b. Directing Respondents to preserve and produce the documents associated with the purported voluntary departure, including any signed forms, advisals, recordings, officer notes, and records reflecting the circumstances of execution;

c. Temporarily prohibiting Respondents from executing the purported voluntary departure or removing Petitioner while the Court considers the emergency application, if the Court determines it has jurisdiction and the applicable legal standard is satisfied;

d. Requiring an expedited response to the Petition and emergency request;

e. Preserving Petitioner's ability to pursue any appropriate administrative or judicial challenge to the purported voluntary departure, without predetermining the merits of those proceedings; and

f. **Request that Respondents, their officers, agents and all persons acting in concert with them, be prohibited from transferring, relocating, or removing Petitioner outside the jurisdiction of this Court pending resolution of this habeas proceeding;** and

g. Granting such other and further relief as the Court deems just and proper.

## PRAYER FOR RELIEF

Wherefore, Petitioner respectfully requests this Court to grant the following:

1. Accept and consider this Emergency Petition for Writ of Habeas Corpus;
2. **Request that Respondents, their officers, agents and all persons acting in concert with them, be prohibited from transferring, relocating, or removing Petitioner outside the jurisdiction of this Court pending resolution of this habeas proceeding**; and
3. Issue an order to show cause requiring Respondents to explain the legal basis for Petitioner's continued detention and the government's position concerning the purported voluntary departure;
4. Grant expedited consideration of Petitioner's allegations that the purported voluntary departure was not knowing and voluntary;
5. Grant appropriate temporary relief, within the Court's jurisdiction, to prevent execution of the purported departure or removal while the validity of the challenged action and the availability of appropriate remedies are considered;

6. Order such relief concerning Petitioner's custody as the Court determines is legally warranted;

7. Preserve Petitioner's ability to pursue any available motion or proceeding before the immigration tribunal or other court with jurisdiction to address the validity of the purported voluntary departure; and

8. Grant any additional relief that is just and proper.

Dated: October 16, 2026

Respectfully Submitted,

/s/ *Alfonso Morales*
Alfonso Morales, Esq.
Counsel for Petitioner

**VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

I represent Petitioner, Jose Manuel Ceja Ceja, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 16th day of October 2026.

__/s/Alfonso Morales___

Alfonso Morales, Esq.
Counsel for Petitioner
*Jose Manuel Ceja Ceja*

# CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which constitutes service on all parties or counsel by electronic means as reflected on the Notice of Electronic Filing.

/s/Alfonso Morales
Alfonso Morales
*Attorney for Jose Manuel Ceja Ceja*