**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JOSE MANUEL CEJA CEJA,**<br>**Petitioner,**<br>**v.**<br>**WARDEN OF ADELANTO ICE PROCESSING CENTER, et al.,**<br>**Respondents.** | **NO. 5:26-cv-06127-KS**<br><br>**MEMORANDUM AND ORDER RE: PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY UNDER 28 U.S.C. § 2241** |

## INTRODUCTION

Before the Court is a Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2241 ("Petition") by retained counsel for Petitioner Jose Manuel Ceja Ceja on October 16, 2026. (Dkt. No. 1.) At the time the Petition was filed Petitioner was ostensibly detained in Immigration and Customs Enforcement ("ICE") custody at the Adelanto Detention Facility located in the Central District of California. (*Id.* at 4-5.) The Petition raises two claims for relief: (1) Petitioner's purported agreement to voluntary removal may not have been made freely and with a full understanding of the nature and consequences in violation of the Fifth Amendment's Due Process Clause; and (2) Petitioner's detention is illegal. (*Id.* at 10-12.)

Petitioner's counsel concurrently filed a Motion for Temporary Restraining Order ("TRO Motion") requesting that the Court enjoin Respondents from removing Petitioner from the Central District and order his immediate release. (Dkt. No. 2; *see also* Dkt. No. 1 at 12-14.)

On October 19, 2026, the parties consented to have this case proceed before a Magistrate Judge for all purposes, including the entry of judgment. (Dkt. Nos. 5, 10.)

Pursuant to this Court's briefing schedule for the TRO Motion, on October 22, 2026, Respondents filed a combined Answer to the Petition and Opposition to the TRO Motion (collectively the "Answer"). (Dkt. No. 11.) In the Answer, Respondents notified the Court that Petitioner had been removed from the United States on the day the Petition was filed, October 16, 2026. (*Id.*) Respondents argue that, as a result of Petitioner's removal, there is no relief to be provided by the Court and the Petition should be dismissed as moot.[1] (*Id.*)

On October 26, 2026, Petitioner's counsel filed a Reply acknowledging Petitioner's removal from the United States to Mexico on October 16, 2026. (Dkt. No. 12.) Petitioner's counsel nevertheless argues that Petitioner's removal "does not resolve the underlying allegations that his detention was unlawful." (*Id.* at 2.) However, Petitioner's counsel does not identify any issues that remain to be decided in this habeas proceeding or what relief the Court

---

[1] Respondents' exhibits reflect that Petitioner was initially arrested on October 10, 2026, as to the detention he challenges, and he was provided notice on the same day of his intended October 16, 2026 removal from the United States based on the reinstatement of a prior removal order. (*See* Dkt. Nos. 11-1 (reinstatement of prior removal order); 11-2 (warrant of removal/deportation and warning to alien ordered removed or deported); 11-3 (I-213 Record of Deportable/Inadmissible Alien reflecting a narrative of Petitioner's arrest on October 10, 2026).) The Court notes that, on October 16, 2026, after the Petition was filed, the Clerk's Office issued a Notice of General Order 26-05 and Briefing Schedule ("Notice"), which required Respondents to "provide at least two court days' notice" to Petitioner, his counsel, and the Court "of its intent to remove the petitioner from the Central District of California." (Dkt. No. 5 ¶ 6.) However, it is unclear from the record whether Petitioner's removal that same day was effected before the Clerk's Office issued the Notice, which itself was issued late in the day, at 5:10 p.m. In light of the fact that (1) Petitioner's scheduled removal was effected so close in time to the filing of the Petition and subsequent issuance of the Notice; (2) Petitioner was provided notice of his removal six days earlier; and (3) Petitioner's counsel does not argue that Petitioner's removal was improper or in violation of any court orders, the Court does not, at this time, find that Petitioner's removal violated the Notice.

could provide at this time and instead requests that the Court independently "[d]etermine whether concrete collateral consequences remain that are redressable through a favorable decision in this action." (*Id.* at 3.)

**DISCUSSION**

The Court finds that the current action is subject to dismissal, not because "removal, standing alone, conclusively establishes that the challenged detention was lawful" (dkt. no. 12 at 3), but because the issues presented in the Petition are now moot and there is no relief remaining.

As to Ground One, Respondents' exhibits establish that Petitioner's removal was effected, not voluntarily, but pursuant to the reinstatement of a prior removal order upon Petitioner's arrest on October 10, 2026, for which Petitioner received prior notice. (Dkt. Nos. 11-1, 11-2, 11-3.) Petitioner's counsel has provided no evidence from which this Court may conclude that Petitioner was instead removed from the United States voluntarily, and therefore no basis on which the Court may rule that such voluntary removal was unconstitutional because it was not made freely or knowingly. Indeed, the evidence before the Court establishes that Petitioner refused to sign documents concerning his status and intended removal. (Dkt. No. 11-1, 11-2.) As district courts have no habeas jurisdiction to consider a challenge to a removal order or its reinstatement, and such jurisdiction lies exclusively with the courts of appeal, there are no issues to be decided in Ground One. *Iasu v. Smith*, 511 F.3d 881, 887 (9th Cir. 2007) (citing 8 U.S.C. § 1252(a)(5)).

Ground Two more generally challenges Petitioner's immigration detention. (Dkt. No. 1 at 11-12.) However, Petitioner, having been removed from the United States on October 16, 2026, is no longer in custody. The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). This case-

or-controversy requirement "subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis*, 494 U.S. at 477).

Because Petitioner is no longer in custody, any claim that goes to the propriety of his detention is moot. *Abdala v. I.N.S.*, 488 F.3d 1061, 1065 (9th Cir. 2007) (finding habeas petition challenging length of immigration detention moot because "there was no extant controversy for the district court to act upon" when petitioner was subsequently deported, "thereby curing his complaints about the length of his INS detention"); *PicrinPeron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) ("By his petition for habeas corpus, Picrin-Peron has requested only release from custody. Because he has been released, there is no further relief we can provide."); *see also Maceo v. Dep't of Homeland Sec.*, No. 5:25-cv-1853-CAS-BFM (C.D. Cal. Sep. 12, 2025) (Dkt. No. 7) ("Given Petitioner's release, the Court recommends dismissal of the Petition as moot. Petitioner filed this case seeking release from immigration custody. He is no longer in custody, having been removed last month."); *Le v. Dep't of Homeland Sec.*, No. 5:25-cv-01717-PA-MBK (C.D. Cal. Oct. 14, 2025) (Dkt. No. 13) ("[A]fter filing the Petition, Mr. Le was removed and is no longer in federal custody. Because no further relief can be given to Petitioner by the Court, the Petition is moot and must be dismissed for lack of jurisdiction.").

## CONCLUSION

For the reasons discussed above, the Court DENIES the pending Petition and Petitioner's TRO Motion as **MOOT**. Judgment shall be entered accordingly.

DATE: October 28, 2026

Karen L. Stevenson

HON. KAREN L. STEVENSON
CHIEF U.S. MAGISTRATE JUDGE